UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY BERNARD BROWN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-399 RM |
| ) | |
| DR. CROW, St. Joseph Regional ) | |
| Medical Center, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Timothy Brown, a prisoner confined at the St. Joseph County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that employees of the St. Joseph Regional Medical Center violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), federal courts are authorized to dismiss a claim filed *in forma pauperis* at any time if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. A claim may be dismissed for failure to state a claim "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

Mr. Brown alleges that on July 12, 2007, St. Joseph Regional Medical Center employees took "blood from within my body and injected unknown medications inside my body on July 12, 2007, while inside of [a] medics transport vehicle. Upon arrival at the

HOSPITAL Dr. Crowe did use threatening force to take my urine from within my body." (Complaint at p. 3).

Mr. Brown brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

The United States Supreme Court defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." Monroe v. Pape, 365 U.S. 167, 184 (1961) (citations omitted). The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. Wyatt v. Cole, 504 U.S. 158, 161 (1992).

The St. Joseph Regional Medical Center is not a state entity; it is a health care network operated by the Roman Catholic church. Accordingly, the St. Joseph Regional Medical Center and its employees are not state actors, and are not proper defendants in a § 1983 action.

For the foregoing reasons, the court DISMISSES this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

ENTERED: September  4 , 2007

                         /s/ Robert L. Miller, Jr.
                        Chief Judge
                        United States District Court